UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SCOTT THOMPSON,<br><br>  Defendant. | CR. 11-50054-JLV<br><br>ORDER |

A jury convicted defendant Scott Thompson of making false claims, submitting false documents to a United States agency, committing fraud by wire and receiving stolen government money. (Docket 217). The sentence the court imposed on defendant included restitution. (Docket 283). After defendant's restitution payment schedule commenced, he filed a motion to stay restitution on November 25, 2016. (Docket 303). Before the court scheduled a hearing on defendant's motion, the United States Probation Officer supervising defendant notified the court that defendant stopped making payments after November 28, 2016.[1]

At the hearing on defendant's motion, the court determined, "[p]ursuant to 18 U.S.C. § 3664(k), defendant's motion constitutes a notification of his change in economic circumstances." (Docket 311). The court amended

---

[1]This information came from a court-only document the Probation Office provides to the court. (Docket 307). It is a routine document used to update the court on a person's status on probation or supervised release.

defendant's payment schedule and denied his motion to stay restitution as moot. Id. Amended judgments were entered consistent with the order. (Dockets 312 & 313). The court also ordered status conferences every six months to monitor defendant's progress with restitution. Id.

During a status conference, defendant provided the court with a debtor statement from the United States Department of Justice. (Docket 316). The debtor statement indicates defendant owes $21,534.46 as a penalty. (Docket 316-1). The court determined the penalty was not consistent with the court's judgment imposing restitution and prohibited the Department of Justice from collecting the $21,534.46 penalty. (Docket 316).

The government claims the court's order on the penalty is contrary to applicable law. (Docket 319). The government moves the court to alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Id. According to the government, only the Office of the Attorney General—not the court—has authority to decide whether the $21,534.46 penalty against defendant is collected. (Docket 320). The government asserts the penalty was imposed because defendant failed to comply with his restitution payment schedule. Id. In response, defendant claims the court's decision to amend his payment schedule under 18 U.S.C. § 3664(k) means he did not fail to meet his restitution obligations. (Docket 327).

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

2

59(e).  On March 26, 2018, the court entered the order the government challenges.  (Docket 316).  The government filed its Rule 59(e) motion on April 19, 2018, before 28 days passed.  (Docket 319).  The motion is timely.

"Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment."  Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)).  " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'"  Id. (quoting Hagerman, 839 F.2d at 414).  District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e).  Id.

In United States v. Lauersen, the United States Court of Appeals for the Second Circuit analyzed the restitution statute applicable to this case:

> Section 3612 concerns the collection of unpaid criminal fines or restitutions.  As relevant here, the Attorney General is "responsible for collection of an unpaid fine or restitution" that the district court properly certifies.  18 U.S.C. § 3612(c).  If a defendant is more than 30 days late paying a fine or restitution, he is delinquent.  *Id.* §

3

> 3572(h). If a defendant is then delinquent for more than 90 days, he is in default. *Id.* § 3572(i). Section 3612 mandates substantial financial penalties for delinquency or default of a fine or restitution: "the defendant shall pay" 10% of the principal amount that is delinquent and an additional 15% of the principal amount that is in default. *Id.* § 3612(g); *United States v. Pescatore*, 637 F.3d 128, 144 (2d Cir. 2011).
>
> In addition, Section 3612 requires that defendants "shall pay interest," according to a statutory formula, on fines or restitutions not paid in full within fifteen days of the judgment. 18 U.S.C. § 3612(f)(1)-(2). Congress specified that a district court may waive or modify the interest due if it "determines that the defendant does not have the ability to pay interest." *Id.* § 3612(f)(3). Moreover, Congress empowered the Attorney General to waive all or part of the interest or penalty if it determined that "reasonable efforts to collect the interest or penalty are not likely to be effective." *Id.* § 3612(h).
>
> These requirements regarding payment of interest and delinquency and default penalties date back to the Criminal Fine Improvements Act of 1987, Pub. L. No. 100-185, § 11, 101 Stat. 1279, 1283-85 (1987). Congress added both the interest and penalty requirements at the same time, in the same statute. As is true today, Congress provided that both district courts and the Attorney General may waive all or part of the specified interest on fines. However, Congress provided that only the Attorney General may waive all or part of specified delinquency and default penalties. Congress could have given district courts similar authority for delinquency and default penalties, but it did not.

648 F.3d 115, 116 (2d Cir. 2011) (per curiam).

Based on the government's representations in its Rule 59(e) motion and memorandum, the court finds the government imposed the $21,534.46 penalty on defendant pursuant to 18 U.S.C. § 3612. The court's information from defendant's supervising Probation Officer provides further support for finding the penalty resulted from failure to make restitution payments. Because the origin of the penalty is 18 U.S.C. § 3612, defendant's claim that the court

4

found he complied with his payment schedule does not free him from the penalty.  See Lauersen, 648 F.3d at 117 ("Nor does 18 U.S.C. § 3664(k) provide a district court with authority to waive all or part of delinquency or default penalties.").

When a penalty is imposed under 18 U.S.C. § 3612, "Congress provided that only the Attorney General may waive all or part of specified delinquency and default penalties.  Congress could have given district court's similar authority for delinquency and default penalties, but it did not."  Lauersen, 648 F.3d at 116; 18 U.S.C. § 3612.  Consequently, the court alone may not prohibit the government from collecting the $21,534.46 penalty.  See Lauersen, 648 F.3d at 116-18 ("We conclude that the district court correctly interpreted Section 3612(h) as authorizing only the Attorney General, in its discretion, to waive all or part of delinquency and default penalties properly assessed pursuant to Section 3612(g).").  Congress determined the penalty is an executive branch function where the judiciary has little to no role.  The court grants the government's motion to correct an earlier ruling.  See Chapman, 862 F.3d at 1110-11.

Based on the above analysis, it is

ORDERED that the government's Rule 59(e) motion (319) is granted.[2]

IT IS FURTHER ORDERED that the court vacates its prior order (Docket 316) prohibiting the United States Department of Justice from collecting the $21,534.46 penalty.

Dated August 13, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[2] While the court grants the government's motion, it must add that resolving this issue through a motion is inefficient and would not be necessary if government counsel prepared more thoroughly for the court-ordered status conferences on defendant's restitution. When the government imposes a $21,534.46 penalty for restitution noncompliance, it would be sensible to have present a member of the Financial Litigation Unit or someone else who can speak to all restitution issues. That did not happen, which resulted in an unnecessary use of resources by the court and the government and forced defendant to undergo further *pro se* litigation.